IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICOLE DiCUCCIO<br>2148 COACH RD.<br>COLUMBUS, OH 43220 | ) Case Number<br>)<br>) Judge<br>) |
| Plaintiff, | ) Magistrate Judge<br>) |
| v. | ) (Demand for Jury Trial)<br>) |
| THE SUPREME COURT OF OHIO<br>65 S FRONT ST.<br>COLUMBUS, OH 43215 | )<br>)<br>)<br>) |
| Defendant. | ) |

# COMPLAINT

FOR HER COMPLAINT against Defendant, The Supreme Court of Ohio, Plaintiff Nicole DiCuccio states as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff Nicole DiCuccio is a natural person, and a citizen of the state of Ohio.

2. Defendant The Supreme Court of Ohio is the highest court of the state of Ohio, established pursuant to the Ohio Constitution.

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 insofar as this action arises under the laws of the United States, and pursuant to 28 U.S. § 1367 insofar as Plaintiff's claims brought under state law are so related to the claims brought within this Court's original jurisdiction as to form a single case or controversy under Article III of the Constitution.

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) insofar as the defendant is to be deemed as residing within this district, and pursuant to 28 U.S.C. § 1391(b)(3) insofar as a substantial part of the events and omissions giving rise to the claims described herein occurred within this district.

### Statement of Facts

5. Plaintiff is employed by the Supreme Court in the position of Mediation Counsel. As Mediation Counsel, Plaintiff's job duties generally consist of serving as the primary mediator for litigants who have cases pending before the Ohio Supreme Court and/or the Ohio Court of Claims.

6. Plaintiff, at all relevant times, has met and exceeded all of the qualifications and experience required of a Mediation Counsel employed by the Supreme Court. These include an active and good standing license to practice law in the State of Ohio, minimum years of experience in the practice of law, experience in the use of dispute resolution mechanics such as mediation, and appropriate confidentiality and discretion with respect to the handling of sensitive and non-public information.

7. Plaintiff has been employed as a Mediation Counsel by the Supreme Court since on or about August 13, 2013.

8. During the time of her employment, Plaintiff performed all of the duties and responsibilities of her job in an exemplary manner. She was not, prior to the events described herein, disciplined in any manner, and she conducted well

over 1,000 mediations during her employment, achieving a successful resolution in approximately two-thirds of mediations.

9. Plaintiff suffers from a medical condition known as adrenal insufficiency. Adrenal insufficiency is a disorder in which the body does not produce the correct amounts of certain hormones, and can result in symptoms such as low blood pressure, low energy, bouts of nausea, fatigue, and sleep difficulties. The symptoms of adrenal insufficiency are exacerbated by stress.

10. Her condition described above and the normal stress of her career were exacerbated by a cancer diagnosis and resulting medical treatment for this life-threatening diagnosis.

11. At all times material, Defendant was aware of Plaintiff's medical condition.

12. In order to balance the demands of her position as a Mediation Counsel with the limitations of her medical condition, Plaintiff repeatedly requested permission to operate on a flexible time schedule, to work from home when possible, or to use Flex-time to satisfy her time commitments.

13. These requests began in or about 2018, and were not infrequently permitted by her supervisors, who recognized some need for Plaintiff to deviate from an ordinary 8 – 5, M – F schedule.

14. However, beginning in or about January, 2019, and continuing thereafter, Plaintiff was subjected to verbal harassment with respect to her needs and requests for a flexible work schedule.

15. For example, in July, 2019, Plaintiff's tasks included an evaluation of a training program regarding the fundamentals of alternative dispute resolution.

16. Plaintiff completed her work, emailing her evaluation to her superior at 6:14 P.M.

17. In response, Plaintiff's supervisor, Catherine Geyer, chastised Plaintiff for working after 6:00 p.m.

18. On or about August 27, 2019, while under treatment for cancer, Plaintiff suffered a panic attack while at work.

19. Despite Plaintiff's request that a friend be contacted to drive her home to give her time to calm down, Plaintiff's superiors instead called, or arranged for, paramedics to come take Plaintiff from the courthouse to the hospital. Plaintiff was discharged from the hospital just a few hours after arrival.

20. On or about August 29, 20219, Defendant involuntarily placed Plaintiff on paid administrative leave.

21. During this administrative leave, Plaintiff was prohibited from working, whether on-site at the Court or from home.

22. At this same time, Defendant required Plaintiff to undergo a "professional evaluation to determine [her] fitness for duty."

23. This "evaluation" was to be conducted by a physician selected by the Defendant without any consultation or input from Plaintiff. Plaintiff was compelled to

submit to this evaluation under the threat of discipline and/or termination of her employment.

24. Subsequently, in or about October, 2019, Defendant required Plaintiff to undergo a fitness for duty evaluation by a different physician.

25. The change in physician was mandated by Defendant after Plaintiff, through her counsel, objected to being required to submit to a professional evaluation by a male psychiatrist.

26. However, the second physician was against selected by Defendant without any consultation or input from the Plaintiff.

27. On or about November 12, 2019, Defendant's selected physician, Dr. Webb, issued a report or findings which concluded that Plaintiff was not fit for duty as a Mediation Counsel for the Defendant.

28. At the time of Dr. Webb's findings, Plaintiff was scheduled to undergo a medical procedure, in December, 2019. Plaintiff did ultimately undergo this procedure.

29. After Dr. Webb's November 12 report, Defendant terminated Plaintiff's paid administrative leave and placed her on Family & Medical Leave Act leave in light of Plaintiff's upcoming medical procedure scheduled for the following month.

30. Beginning in or about January 18, 2020, Defendant placed Plaintiff into an unpaid leave status, which required her to pay both the employer and employee share of health insurance benefits.

31. Pursuant to the Defendant's internal employment policies, Plaintiff exercised her right to obtain a second opinion regarding her fitness for duty and to contest the findings of Dr. Webb. Plaintiff did so, and on or about February 5, 2020, Dr. Kelly Weaver reported that Plaintiff was fit for duty as a Mediation Counsel employed by Defendant.

32. Specifically, Dr. Weaver reported that after 24 clinical hours of evaluation of Plaintiff and a review of Plaintiff's job description and duties, Plaintiff "did not demonstrate any impairment in her cognitive or executive functioning which would prohibit her from executing the essential functions of [her] job" at the time of Dr. Webb's October, 2019 evaluation.

33. Dr. Weaver further reported that Plaintiff suffered from some degree of anxiety which was commensurate with feeling as though her employment with the Court was being threatened. But overall, Dr. Weaver concluded that Plaintiff possessed no "current overwhelming psychological distress which would prevent her from returning to work."

34. Finally, Dr. Weaver evaluated the August, 2019 incident described above as simply an "initial, but temporary reaction, which occurred immediately after learning of a traumatic event," and should be considered "an anomaly" in light of Plaintiff's years-long successful performance of her job duties.

35. After providing Dr. Weaver's report to Defendant, Plaintiff requested to return to work utilizing a flexible work schedule which was consistent with the Defendant's past practices. However, Defendant refused to allow such a

flexible work schedule for an extended period of time, instead relying upon Dr. Webb's conclusion that she was not fit to work.

36. Plaintiff submitted a charge of discrimination with the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission describing the facts and events above. On or about XX, Plaintiff was issued a right to sue letter in response to her charge.

37. Effective on or about January 4, 2021, Defendant permitted Plaintiff to return to work on a modified schedule.

38. This modified schedule required Plaintiff to begin work between 7 and 9 a.m. each morning (except as otherwise required by scheduled events), but also to "immediately" notify her superiors if she did not begin work by 8 a.m. Further, Plaintiff was permitted to conclude her workday between 4 and 6 p.m., but also required to "immediately" notify her superiors if she did not conclude work by 5:00 p.m.

39. Shortly after instituting the above-described "flexible" work schedule, Defendant purported to find Plaintiff in violation of her schedule by supposedly failing to seek prior approval to depart during the day or keeping her superiors informed of her whereabouts during work hours.

40. These purported violations occurred during the months of January and February, 2021 at a time in which the Court, like most public and private employers, was operating on a work-from-home basis due to the Covid-19 pandemic.

**Count One:** *Violation of the Americans with Disabilities Act*

41. The averments of paragraphs 1 through 40 above are incorporated by reference as if fully rewritten herein.

42. Plaintiff, at all relevant times, is and was a qualified individual as defined by the Americans with Disabilities Act.

43. Defendant has discriminated against Plaintiff on the basis of a disability.

44. Such discrimination includes, but is not limited to, failing to make reasonable accommodations to the known limitations of Plaintiff and her disability.

45. The reasonable accommodations requested by Plaintiff, and refused her by Defendant, would not have imposed an undue hardship upon Defendant.

**Count Two:** *Violation of Ohio Revised Code § 4112.02*

46. The averments of paragraphs 1 through 45 above are incorporated by reference as if fully rewritten herein.

47. By the acts, omissions, and conduct described herein, Defendant discriminated against Plaintiff with respect to the tenure, terms, conditions, and privileges of her employment, and/or in regard to matters directly or indirectly related to her employment, all on account of her disability in violation of Ohio statutory law. Ohio Rev. Code § 4112.02(A).

**Count Three:** *Violation of the Family & Medical Leave Act*

48. The averments of paragraphs 1 through 47 above are incorporated by reference as if fully rewritten herein.

49. Plaintiff is and at all time material was, an eligible employee as defined by the Family and Medical Leave Act.

50. Defendant is and at all times material was a covered employer under the FMLA.

51. Plaintiff was entitled to take leave under the FMLA, and gave notice to Defendant of her intention to do so. Plaintiff's taking of FMLA leave constituted protected activity of which Defendant was aware.

52. Defendant interfered with Plaintiff's entitlement to the benefits afforded to her under the FMLA, including but not limited to, return to employment at the conclusion of such leave.

53. As a result of Plaintiff's taking of FMLA leave, Defendant took adverse employment action against Plaintiff, including but not limited to refusing to restore her to her position as a Mediation Counsel at the conclusion of such leave.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. In regards to Count One, for an award of compensatory, statutory, and/or liquidated damages against Defendant in favor of Plaintiff and in amount to be determined at trial; and

B. In regards to Count Two, for an award of compensatory, statutory, and/or liquidated damages against Defendant in favor of Plaintiff and in amount to be determined at trial; and

C. In regards to Count Three, for an award of compensatory, statutory, and/or liquidated damages against Defendant in favor of Plaintiff and in amount to be determined at trial; and

D. For an award of costs, pre- and post-judgment interest, reasonable attorney's and expert witness fees; and

E. Any and all such other relief as the Court may find just and proper.

        Respectfully submitted,

        /s/ Rick L. Brunner
        Rick L. Brunner     (0012998)
        Email:      rlb@brunnerlaw.com
        Patrick M. Quinn    (0081692)
        Email pmq@brunnerlaw.com
        BRUNNER QUINN
        35 North Fourth Street, Suite 200
        Columbus, Ohio 43215
        Telephone: (614) 241-5550
        Facsimile: (614) 241-5551
        *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury of not less than eight (8) persons on all issues so triable.

        /s/ Rick L. Brunner
        Rick L. Brunner     (0012998)
        Email:      rlb@brunnerlaw.com
        Patrick M. Quinn    (0081692)
        Email pmq@brunnerlaw.com
        BRUNNER QUINN
        5001 Horizons Drive, Suite 209

                                                                            Columbus, Ohio 43220
                                                                            Telephone: (614) 241-5550
                                                                            Facsimile: (614) 241-5551
                                                                            *Attorneys for Plaintiff*